# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALAN WUNDERLICH,

        Petitioner,                  Case Number: 08-11145

v.                                        HONORABLE GERALD E. ROSEN

SUSAN DAVIS,

        Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner Alan Wunderlich is a state inmate currently incarcerated at the Huron Valley Complex in Ypsilanti, Michigan. He has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the Michigan Parole Board's decision not to release him on parole. For the reasons which follow, the petition will be dismissed.

**I.**

Petitioner is currently incarcerated pursuant to convictions for breaking and entering an occupied dwelling and assault with intent to commit murder, rendered in Genesee County Circuit Court. Petitioner challenges the Michigan Parole Board's decision to deny him release on parole, most recently on February 4, 2008. Petitioner argues that the Parole Board's decision was a clear abuse of discretion because the denial violated the Double Jeopardy Clause. Petitioner also includes reference to claims that his trial attorney was ineffective and that his silence was improperly used against him at trial. However, Petitioner specifically states that this petition challenges the Parole Board's parole decision *not* his convictions. In addition to Petitioner's stated intent to challenge only the Parole Board's decision, the Court concludes he

does not challenge the fact of his convictions because he already has filed a habeas petition challenging these convictions, which was denied on the merits. *See* Wunderlich v. Hawley, No. 93-40107 (E.D. Mich. Apr. 12, 1994). Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court. Therefore, given that Petitioner already has filed a habeas petition challenging these convictions and that he plainly states that the pending petition challenges only the failure to release him on parole, the Court concludes that Petitioner presents only a single claim for relief – that the denial of parole violated the Double Jeopardy Clause.

## II.

### A.

Rule 4, Rules Governing Section 2254 cases, provides that the Court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the Court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

### B.

Petitioner argues that the Michigan Parole Board's denial of parole violates the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment provides, "No person . . .

shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." This clause affords defendants protection against three basic harms: second prosecution for the same offense after acquittal, second prosecution for the same offense after conviction, and multiple punishments for the same offense.[1]  Brown v. Ohio, 432 U.S. 161, 165 (1977). "Parole determinations are not considered criminal punishment for purposes of the Double Jeopardy Clause." Ellick v. Perez, 27 Fed. Appx. 489, 490 (6th Cir. 2001); *see also* Stewart v. Flintoft, 2002 WL 31748842, * 3 (E.D. Mich. 2002) (holding that parole denial does not implicate the Double Jeopardy Clause because it does not extend sentence beyond original term imposed by court). Thus, Petitioner is not entitled to relief on this claim.

### III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. Castro v. United States, 310 F.3d 900, 903 (6th Cir. 2002). In deciding to dismiss the habeas petition, the Court has carefully reviewed the petition and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See* id. at 901, (*quoting* Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by Lindh v. Murphy, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

---

[1] The Double Jeopardy Clause is made applicable to the states through the Due Process Clause of the Fifth Amendment. Benton v. Maryland, 395 U.S. 784 (1969).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

### IV. Conclusion

The Court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief. Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: March 27, 2008

I hereby certify that a copy of the foregoing document was served upon Alan Wunderlich and counsel of record on March 27, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager